Luiña Hermanos, Sucesores, S. en C., Peticionaria y Apelante, *v.* Miguel, Demandante, y Zengotita, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cobro de dinero.

No. 2259.—Resuelto en noviembre 30, 1920.

Preferencia de Créditos—Tercería de Mejor Derecho—Moción para Anular Embargo y Subasta.—Un acreedor que se considera con mejor derecho que otro a cobrar su crédito a un deudor de ambos, debe ejercitar tal mejor derecho en un procedimiento de tercería. Una moción presentada por el acreedor "A" en el pleito entablado contra el deudor común por el acreedor "B" al objeto de anular el embargo y la subasta celebrados para pagar la sentencia dictada a favor de "B," es tardía, y, además, ineficaz, aún en el caso de que el embargo y la subasta citados fueran nulos, para determinar la preferencia de un crédito sobre otro.

Los hechos están expresados en la opinión.

Abogado de la apelante: Sr. *V. M. Fernández.*

Abogado del apelado: *Sr. L. Freyre Barbosa.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Camilo Miguel radicó demanda con fecha primero de octubre de 1919 en la Corte Municipal del Distrito Judicial Municipal de Río Piedras contra Félix Zengotita en reclamación del pago de $495 con intereses legales desde la fecha de la demanda, costas, gastos y desembolsos de la acción, y en la misma fecha solicitó aseguramiento de sentencia que previa fianza le fué concedido embargándose bienes muebles del demandado que quedaron en poder de éste por indicación del demandante.

Fué anotada la rebeldía del demandado y en 14 de octubre citado se dictó sentencia en su contra condenándole al pago de la suma reclamada, intereses y costas.

Para la ejecución de dicha sentencia se libró mandamiento al márshal en 31 del mismo octubre y en su consecuencia fueron sacados a pública subasta los bienes embargados habiéndose adjudicado éstos en 22 de noviembre de 1919 a Ramón H. Rodríguez Flores como representante de Camilo Miguel por la suma de $590.

En 25 de noviembre de 1919 la Sociedad Luiña Hermanos y Cía. radicó moción en el mismo juicio con súplica de que se declarara nulo el embargo efectuado a instancia de Camilo Miguel por haber quedado los bienes embargados en poder del demandado Félix Zengotita, y nula también la subasta de esos bienes por no haber habido embargo previo, alegando además la sociedad peticionaria que tenía radicada una demanda en la misma Corte Municipal de Río Piedras contra Félix Zengotita en cobro de pesos para cuyo aseguramiento se habían reembargado los mismos bienes embargados anteriormente a instancia de Camilo Miguel y que había sido perjudicada por la subasta en atención a tener su embargo el carácter de preferente.

Discutida la anterior moción fué declarada sin lugar por

resolución que dictó la Corte Municipal de Río Piedras en 26 de diciembre de 1919 y la Corte de Distrito de San Juan, Sección Primera, por la suya de 4 de mayo de 1920 hizo igual pronunciamiento en grado de apelación.

La anterior resolución ha sido apelada para ante esta Corte Suprema por Luiña Hermanos y Cía., y la encontramos ajustada a derecho.

Aún admitiendo que el embargo practicado en bienes de Félix Zengotita a instancia de Camilo Miguel fuera nulo por haber quedado esos bienes en poder del deudor, la Sociedad Luiña Hermanos lejos de hacer reclamación alguna contra dicho embargo admitió su existencia limitándose a *reembargar,* con cuya actuación reconoció a favor de Camilo Miguel el derecho de que al venderse los bienes el producto de éstos se destinaría a cubrir preferentemente el crédito de Camilo Miguel, destinándose el resto sobrante a solventar total o parcialmente el crédito de Luiña Hermanos y Cía.

La moción no muestra que al practicarse el reembargo a petición de Luiña Hermanos y Cía. fueran depositados los bienes reembargados en persona distinta del deudor Zengotita y por tanto a ese reembargo no puede darse eficacia, negándola al embargo hecho a instancia de Camilo Miguel, por adolecer el reembargo del mismo defecto en virtud del cual se impugna la validez del embargo.

Tampoco alega la peticionaria en su moción que Zengotita carezca de otros bienes, fuera de los embargados por Camilo Miguel para el pago del crédito que reclama y por tanto no vemos como haya podido ser perjudicado por el embargo y subasta cuya nulidad solicita.

La misma parte apelante reconoce en su alegato que no tiene derecho a intervenir en la acción de Camilo Miguel contra Félix Zengotita pues la ley le cierra las puertas para discutir las alegaciones del demandante y la actitud del demandado en dicho pleito, por más que sostiene su derecho para impugnar la validez del embargo y subasta practicados

en el mismo.  Tal contención no es admisible.  Si Luiña Hermanos se creía con mejor derecho a cobrar su crédito con preferencia al de Camilo Miguel ha debido alegarlo en un procedimiento adecuado o sea en una tercería de mejor derecho donde hubieran tenido cabida todas las alegaciones y pruebas pertinentes al caso' sin acudir a una moción tardía sobre nulidad de embargo y subasta en el juicio de Camilo Miguel contra Félix Zengotita cuya nulidad por sí sola no sería bastante para determinar la preferencia de un crédito sobre el otro.

Es de confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.