AMERICAN RAILROAD COMPANY OF PORTO RICO, TERCERISTA, DEMANDANTE Y APELADA, *v.* MICHEO ZANDÍO & CO., DEMANDADA Y APELANTE, Y ARECIBO SUGAR COMPANY, DEMANDADA.

No. 3161.—*Visto:* Febrero 19, 1924.    *Resuelto:* Julio 9, 1924.

PREFERENCIA DE CRÉDITO—ALMACENAJE Y CONSERVACIÓN DE EFECTOS TRANSPORTADOS POR FERROCARRIL.—Habiéndose probado en este caso que la compañía de ferrocarril tercerista tenía los railes acomodados sobre traviesas al lado de su almacén, en la misma forma en que cuidaba cualquier otra mercancía de cuarta clase bajo la vigilancia constante de su celador de día y de noche y de los empleados del almacén, es necesario concluir que la alegación de almacenaje y conservación quedó probada. No era necesario que los railes estuvieran guardados bajo cubierta.

ID.—PRESCRIPCIÓN DE LA ACCIÓN PARA COBRAR ALMACENAJE Y CONSERVACIÓN.— No habiendo sido entregados los railes por la compañía porteadora cuando estableció la demanda de tercería de mejor derecho en la cual alegó la preferencia de su crédito por conservación y almacenaje, no puede concluirse que la acción estaba prescrita a tenor de lo que dispone el inciso 3 del artículo 952 del Código de Comercio.

TERCERÍA DE BIENES MUEBLES—PREFERENCIA DE CRÉDITO.—De acuerdo con la sección primera de la ley de marzo 14, 1907, página 308, en el procedimiento de tercería sobre bienes muebles establecido en dicha ley, puede decidirse qué persona tiene mejor derecho a la propiedad de los bienes embargados, e incumbe al apelante establecer la existencia de error, si hubo alguno, al resolver la corte inferior sobre cuestiones de preferencia o mejor derecho.

SENTENCIA de *Enrique Lloreda,* J. (Arecibo), en pleito de tercería, declarando con lugar la demanda, sin costas. *Confirmada.*

*Largé & Zeno,* abogados de la apelante; *F. H. Dexter* y *F. Acosta Velarde,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En un pleito seguido contra la Arecibo Sugar Co., Micheo Zandío & Co. embargó como de la propiedad de la demandada un lote de railes de vía que estaba en posesión de la American Railroad Co. y consignado a la Central Bayaney de Arecibo. La Compañía de Ferrocarriles presentó enton-

ces demanda de tercería alegando tener un crédito preferente por el almacenaje y conservación de la propiedad en cuestión, y obtuvo sentencia a su favor contra la cual establece apelación la demandante en la acción original.

La apelante no tendría razón para quejarse si fuera desestimada la apelación por falta de un señalamiento de errores por separado. Pero la apelada no ha levantado ninguna cuestión respecto al particular y hemos examinado los autos en tanto ha sido necesario para convencernos de que no se ha cometido ninguna injusticia.

De uno y otro sitio del alegato de la apelante transcribimos lo siguiente:

"Primero.—La Corte de Distrito de Arecibo erró al estimar y declarar preferente, el crédito de la tercerista, sobre el de la compareciente, Micheo Zandío & Co., para cobrar del producto de los railes embargados por ésta, en el caso de Micheo Zandío & Co. v. Arecibo Sugar Co., en razón a la preferencia que a los créditos por transporte concede la ley; infringiendo el fallo, por errónea interpretación y aplicación indebida, el art. 1823, inciso 4 del Código Civil revisado; art. 375 del Código de Comercio; y art. 4, inciso 'c' del capítulo III de la Ley de Servicio Público de P. R. aprobada en 6 de diciembre de 1917.

"Para mejor puntualizar el error de la corte inferior, vamos a dividirlo en dos partes.

"(a) Erró la corte, al estimar preferente el crédito de la tercerista, por el precio del transporte de los railes embargados, para cobrar su importe, sobre el de Micheo Zandío & Co., en los aludidos bienes.

"(b) Erró, también; la corte inferior al estimar preferente el crédito de la tercerista, por los supuestos gastos de almacenaje y conservación de los railes embargados, para cobrar su importe, sobre el de la compareciente, en dichos bienes.

"Segundo.—Erró la corte inferior, al no estimar la prescripción de la acción, por el transcurso de un año, desde su posible ejercicio, alegada por Micheo Zandío & Co., infringiendo por inaplicación el art. 952, inciso 3, del Código de Comercio en relación con el art. 2 y 375 del propio texto legal, y el 1823 del Código Civil de P. R.; así como la jurisprudencia del Tribunal Supremo de España, invocada en la sentencia, ésta por aplicación indebida.

"Tercero.—Erró la corte inferior, apreciando equivocadamente, la evidencia testifical y documental practicada, en el juicio, infringiendo en su virtud, el art. 118 de la ley de evidencia en relación con el principio '*actore non probante reus est absolvendus*,' que lo inspira.

"MOTIVO FINAL.—Para terminar este alegato, cúmplenos llamar la atención de este alto Tribunal sobre un punto que consideramos de capital importancia.

"La American Railroad Co. of P. R. ha interpuesto la demanda de tercería de mejor derecho en este caso, valiéndose del procedimiento especial que señala la Ley de Tercerías, aprobada en 14 de marzo de 1907. Ha seguido, paso a paso, todos los trámites marcados en dicha ley. Ha presentado la reclamación escrita, el juramento y la fianza que tal ley exige. Ha obtenido en virtud de la fianza, la posesión de los railes, objeto de este pleito. Ha planteado la cuestión por escrito, hasta llegar al juicio correspondiente. Y siendo esa ley de 1907 aplicable solamente a las *Tercerías de Dominio*, pugna su aplicación a las de mejor derecho, que están fuera del alcance de aquella ley, y para las que rige el procedimiento ordinario. Las secciones 1, 3, 5 y 16 de la ley citada expresan claramente, que ella es aplicable, única y exclusivamente, en tercerías de dominio, nunca en las de mejor derecho."

Con respecto al párrafo primero del primer señalamiento de error será bastante con decir que no consta que la corte inferior haya concedido, bien en su sentencia o en sus conclusiones ninguna partida que cubra gastos de transporte.

La teoría del párrafo segundo del primer señalamiento es que los railes de vías no se encontraban almacenados ni conservados, sino que en vez de estar guardados bajo cubierta en un almacén se encontraban afuera expuestos a la intemperie.

No existe nada en la prueba que demuestre verdadero deterioro debido a la oxidación u otra causa. Los railes estaban amontonados sobre traviesas, en la misma forma en que la compañía de ferrocarril conserva sus propios railes y hubo prueba que no fué contradicha al efecto de que dichos railes de tal modo colocados pueden conservarse por muchos años sin ningún deterioro. La tarifa prescrita por

derechos de almacenaje como fué aprobada por el anterior
Consejo Ejecutivo, predecesor de la actual Comisión de Ser-
vicio Público, y que no ha sido enmendada por dicha comi-
sión, enumera cuatro distintas clases de mercancías y el pre-
cio cobrado en el presente caso era el que se refería a la
mercancía de cuarta clase.

Esta diferencia en clase y tarifa implica la correspon-
diente diferencia en el grado de cuidado exigido de acuerdo
con las circunstancias, y los railes en cuestión los conservaba
la compañía dentro de su mismo terreno al lado de su alma-
cén y en la misma forma en que se cuidaba cualquier otra
mercancía de cuarta clase, bajo la vigilancia constante de
su sereno de día y noche y los empleados del almacén.

Dentro de las circunstancias no creemos que sea necesa-
rio para la confirmación de la sentencia apelada ocuparnos
en una discusión de las definiciones que da el diccionario de
las palabras, *almacén* y *almacenaje,* citadas por el abogado
de la apelante, ni tampoco considerar las numerosas autori-
dades americanas que también han sido citadas por el abo-
gado de la apelada.

No estamos dispuestos a seguir al abogado de la apelante
en un análisis extenso de las varias disposiciones de la "ley
para hacer uniforme los resguardos de almacenes de depó-
sito," aprobada en 1918, Leyes de ese año, pág. 22, a falta
de algo en el título de esa ley, o en el alegato de la apelante,
que demuestre que es aplicable al caso de mercancías deja-
das o abandonadas por el consignatario en poder de un por-
teador.

El razonamiento contenido en el segundo señalamiento
admite que la prescripción alegada empezaría a correr úni-
camente al verificarse la entrega de las mercancías, y en el
presente caso los railes de vías en controversia nunca fue-
ron entregados.

El tercer señalamiento envuelve a la vez una cuestión de
hecho más que de derecho y carece igualmente de mérito.

Puede ser que técnicamente el "motivo final" de la ape-

lación sea más o menos sostenible, pero la sentencia de la corte inferior se presume que es correcta y el error, si alguno existe, no parece ser de tal naturaleza que requiera la revocación de la sentencia. Consideradas todas las circunstancias de este caso nos basta hacer referencia en relación con esto a los casos de *Benítez* v. *Rodríguez et al.* 16 D.P.R. 643, y *Luiña Hnos.* v. *Miguel y Zengotita,* 28 D.P.R. 930, citados por la apelada.

Debe *confirmarse* la sentencia apelada.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.